[Cite as *Akron v. Johnson*, 2012-Ohio-1387.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF AKRON | C.A. No. 26047 |

Appellee

v.

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No. 11TRD02906

DUANE JOHNSON

Appellant

DECISION AND JOURNAL ENTRY

Dated: March 30, 2012

CARR, Judge.

{¶1} Appellant, Duane D. Johnson, appeals the judgment of the Akron Municipal Court. This Court affirms.

I.

{¶2} On February 23, 2011, Duane Johnson was charged with driving in the wrong direction on a one-way street and failing to yield to oncoming traffic at an intersection. The matter was heard before a magistrate on March 17, 2011. Mr. Johnson was found guilty of driving the wrong direction on a one way street, but not guilty of failing to yield. Mr. Johnson filed an objection to the magistrate's decision on March 29, 2011. The trial court subsequently issued a journal entry adopting the magistrate's decision on April 27, 2011. Mr. Johnson has appealed to this Court.

## II.

**{¶3}** Mr. Johnson has not set forth any assignments of error in his merit brief as required by App.R. 16(A)(3). Mr. Johnson's brief is also devoid of any statement of the pertinent issues and facts before this Court as required by App.R. 16(A)(4) and (6). Mr. Johnson's brief contains a brief argument in which he asserts that he should not have been given a traffic citation because the City of Akron did not take the necessary steps to notify him that the street in question, Perkins Park Dr., is considered a public street. However, Mr. Johnson neither cites to legal authority in support of his argument as required by App.R. 16(A)(7), nor does he support his argument with citations to the trial court record. This Court has frequently observed that "an appellant's assignment of error provides this Court with a roadmap to guide our review." *Taylor v. Hamlin-Scanlon*, 9th Dist. No. 23873, 2008-Ohio-1912, ¶ 12, citing App.R. 16(A). We decline to chart our own course when, as in this case, an appellant fails to provide any guidance. App.R. 12(A)(2). To the extent that Mr. Johnson has assigned errors, they are overruled.

## III.

**{¶4}** To the extent that Mr. Johnson has assigned errors, they are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

DUANE JOHNSON, pro se, Appellant.

CRAIG MORGAN, Attorney at Law, for Appellee.