[Cite as *State v. Haydon*, 2016-Ohio-4683.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT W. HAYDON

    Appellant

C.A. No.    27737

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2014 06 1658

DECISION AND JOURNAL ENTRY

Dated: June 30, 2016

WHITMORE, Judge.

{¶1} Appellant, Robert W. Haydon, appeals his trafficking in marijuana conviction from the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} Following a traffic stop, police found eleven bags of marijuana in the center console of a van driven by Mr. Haydon. Ten of the bags weighed 1.2 grams each and one weighed 1.9 grams, for a total weight of 13.9 grams. Mr. Haydon admitted the marijuana was his. Mr. Haydon was charged with, inter alia, trafficking in marijuana.

{¶3} The matter proceeded to a jury trial. Prior to voir dire, the State made an oral motion in limine "to exclude any self-serving statements by the defendant through cross-examination of the State's witnesses." The court ruled that those statements would not be referenced during opening arguments or voir dire. The court, however, deferred ruling on the extent of cross-examination finding that it would depend on the level of questioning by the State.

{¶4} At trial, the State presented testimony from the officer who stopped Mr. Haydon and a number of detectives. Mr. Haydon testified on his own behalf and presented testimony from the van's passenger, Brittany Roberts.

{¶5} Defense counsel moved for an acquittal under Crim.R. 29 at the close of the State's evidence and renewed that motion at the close of his case. The trial court denied the motion both times. The jury found Mr. Haydon guilty, and the court sentenced him accordingly.

{¶6} Mr. Haydon appeals raising four assignments of error. For ease of analysis, we rearrange his first two assignments of error.

II

Assignment of Error Number Two

THE COURT IMPROPERLY DEN[IED] THE MOTION TO DISMISS MADE BY THE DEFENSE AT [THE] CLOSE OF STATE'S CASE AND DEFENSE CASE.

{¶7} In his second assignment of error, Mr. Haydon argues that his motions to dismiss pursuant to Crim.R. 29 should have been granted. We disagree.

{¶8} We review the denial of a Crim.R. 29 motion by assessing the sufficiency of the evidence. *State v. Seabeck*, 9th Dist. Summit No. 25190, 2011-Ohio-3942, ¶ 6. Sufficiency tests whether the prosecution presented adequate evidence for the case to go to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶9} Trafficking in drugs is prohibited by R.C. 2925.03. The statute provides, in pertinent part:

> No person shall knowingly do any of the following * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

R.C. 2925.03(A)(2). R.C. 2925.03(C)(3) specifies that, when the substance is marijuana, a violation of division (A) is trafficking in marijuana.

{¶10} Mr. Haydon argues that the evidence was insufficient because "no cash," "no weapon," "no multiple phones," "no scales," and "no customer records" were found. He further argues that the evidence that was presented was circumstantial.

{¶11} "Circumstantial and direct evidence inherently possess the same probative value." *Jenks* at paragraph one of the syllabus. When reviewing the sufficiency of circumstantial evidence, we review the record for evidence that lends support to reasonable factual inferences about the elements of the crime to be proven. *See State v. Rohr-George*, 9th Dist. Summit No. 23019, 2007-Ohio-1264, ¶ 22-23.

{¶12} In the instant matter, Detectives Hoffman and Wallace each testified that they had observed multiple pictures of marijuana posted on Mr. Haydon's Facebook page. Detective Wallace further testified that the police had received information that Mr. Haydon "possibly was selling marijuana." On the day of the stop, both detectives were conducting surveillance of Mr. Haydon.

{¶13} Officer Lemonier testified that, after receiving a request for a uniformed officer, he stopped the van driven by Mr. Haydon. The van was searched and eleven bags of marijuana were found in the center console. Officer Lemonier testified that the marijuana was wrapped in eleven individual bags with the marijuana shoved in the corner. Each bag was twisted and tied off. He described this as "standard dope packaging." He had "[j]ust short of 16 years" with the

Akron Police Department and had made hundreds of arrests involving the sale of drugs. He had previously observed drug transactions where the drugs were packaged in a similar manner. Based on his experience and prior observations, he indicated that, when drugs are sold from a vehicle, the drugs are usually hidden somewhere with easy access, such as the center console.

{¶14} On cross-examination, Officer Lemonier admitted that some drug traffickers have scales or weapons, but he did not find any in this case. Further, he could not say how much money Mr. Haydon had and Mr. Haydon had just one cell phone. He did not check the phone for a customer list and did not find a physical customer list in the car. On redirect, Officer Lemonier stated that some users also carry scales "to make sure they're getting what they paid for." Officer Lemonier testified that Mr. Haydon admitted that the marijuana was his, but Mr. Haydon did not say that he was going to sell it.

{¶15} Detective Jones testified that he had worked for the Akron Police Department for 23 years and had handled thousands of trafficking cases. In the present case, he tested and weighed the contents of the bags that were found in the van. He further testified that ten of the bags contained 1.2 grams of marijuana each and the eleventh bag contained 1.9 grams. In his experience, bags weighing the same amount, such as these, have been "prepped for sale." He further indicated that a user would be unlikely to have multiple small bags, but someone who was trafficking would have drugs packaged in this manner. Detective Jones testified that it was common for both traffickers and users to hide drugs in the center console or the glove compartment of a vehicle.

{¶16} When asked on cross-examination whether any scales were found, Detective Jones explained that he was only asked to test the marijuana in the present case. He conceded that some traffickers will have scales, weapons, or sale proceeds. On redirect, Detective Jones

testified that he had previous trafficking cases where the offender had multiple bags of drugs, but no scales, weapons, or money.

**{¶17}** While cash, weapons, multiple phones, scales, and customer records may be associated with drug trafficking, none of them are required to prove a trafficking offense. *See* R.C. 2925.03(A). Officer Lemonier and Detective Jones testified that these items are sometimes, but not always, present when individuals are trafficking in drugs.

**{¶18}** According to Mr. Haydon, "the evidence suggests someone [who] smokes marijuana daily." To the extent that Mr. Haydon argues that his explanation was more probable than that of the police, his argument challenges the weight of the evidence rather than sufficiency. Moreover, the mere fact that an individual is a marijuana user does not rule out the possibility that they might also be engaged in other illegal activities, such as trafficking in marijuana. *See State v. Berecz*, 4th Dist. Washington No. 08CA48, 2010-Ohio-285, ¶ 43. "When the [S]tate relies on circumstantial evidence * * * there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." *Jenks* at paragraph one of the syllabus.

**{¶19}** Construing the evidence most favorably to the prosecution, a reasonable jury could conclude that Mr. Haydon was trafficking in marijuana. *See State v. Vactor*, 9th Dist. Lorain No. 02CA008068, 2003-Ohio-7195, ¶ 31-32 (concluding that there was sufficient evidence to convict defendant of trafficking in marijuana where officer and detective testified that multiple bags of marijuana were intended for resale based on how they were packaged and the amount in each individual bag). Consequently, the trial court properly overruled Mr. Haydon's Crim.R. 29 motions.

**{¶20}** Mr. Haydon's second assignment of error is overruled.

Assignment of Error Number One

THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶21} In his first assignment of error, Mr. Haydon argues that his trafficking conviction was against the manifest weight of the evidence. As with his sufficiency challenge, Mr. Haydon argues that his trafficking conviction should be reversed because the State's evidence was circumstantial and the van did not contain certain items that are sometimes associated with trafficking in drugs. We disagree.

{¶22} While sufficiency of the evidence deals with the burden of production, manifest weight deals with the burden of persuasion. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant challenges the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) *Thompkins* at 387, quoting *Black's Law Dictionary* 1594 (6th Ed.1990). The power to grant a new trial is reserved for exceptional cases in which the evidence weighs heavily against the conviction. *Otten* at 340.

{¶23} In addition to the State's evidence, which was summarized under the second assignment of error, the jury was presented with testimony from Mr. Haydon and Brittany Roberts.

{¶24} Ms. Roberts testified that she was the passenger in the van on the day of the stop. She further testified that she is Mr. Haydon's fiancé and they have a two-year old child together.

She testified that, on the day in question, they got "a half" and then stopped by Mr. Haydon's brother's house. She further testified that, in the three years that she knew Mr. Haydon, she had never witnessed him dealing drugs. When asked on cross-examination whether Mr. Haydon had a job, she stated that he "works underneath the table."

{¶25} Mr. Haydon admitted that the marijuana in the van was his, but he denied that he was going to sell it. According to Mr. Haydon, on the day in question, he woke up and called around until he found someone who could sell him "a half." He explained that "a half" is 14 grams as there are 28 grams in an ounce. Mr. Haydon continued, "All the dude had was nicks, so I got a half worth of nicks [and] put them in the console." He stated that, after he bought the marijuana, he drove to a friend's house where "we was gonna smoke," but he later decided not to smoke the marijuana there.

{¶26} Mr. Haydon further testified that he did not weigh the marijuana or observe anyone else weighing it. Rather than weigh it, Mr. Haydon explained that he had "smoked marijuana enough to be able to eyeball" the amount and "each five sack weighs a gram."[1] Mr. Haydon testified that he smokes marijuana daily and indicated that he prefers to buy in bulk when he has the money because he can get a better price.

{¶27} Mr. Haydon admitted that selling marijuana could be a way to make money to support habitual marijuana use, but denied ever selling it himself. Mr. Haydon testified that he remodels houses, paints, does carpet, siding, windows, and other "side jobs." Mr. Haydon stated

---

[1] No explanation was offered as to why there were eleven bags, and not fourteen, if each bag equals a gram and he bought "a half" which is fourteen grams.

that marijuana is "the number one thing" he talks about on Facebook. He testified that he is a member of "Dads for Ohio Marijuana" and the "Ohio Rights Group" and they petition for the legalization of marijuana.

{¶28} "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. When presented with conflicting evidence, the jury is free to believe or disbelieve any, or all, of the testimony from each witness. *State v. Peasley*, 9th Dist. Summit No. 25062, 2010-Ohio-4333, ¶ 18.

{¶29} Officer Lemonier and Detective Jones testified that the marijuana found in the van driven by Mr. Haydon was packaged in a manner intended for sale. Mr. Haydon and his fiancé testified that he did not sell drugs. The jury was free to believe the State's version and disbelieve Mr. Haydon's version of events. *See id.* This is not the exceptional case where the evidence presented weighs heavily in favor of Mr. Haydon and against conviction.

{¶30} Mr. Haydon's first assignment of error is overruled.

Assignment of Error Number Three

THE COURT ABUSED ITS DISCRETION BY PROHIBITING APPELLANT FROM TESTIFYING AT TRIAL THAT THE MARIJUANA WAS FOR PERSONAL USE.

{¶31} In his third assignment of error, Mr. Haydon argues that the trial court "improperly granted the State[']s motion in limine to prohibit the defendant from testifying to marijuana being for personal use." We disagree.

{¶32} On the day of trial, the State made an oral motion in limine "to exclude any self-serving statements by the defendant through cross-examination of the State's witnesses." The court ruled that "there will be no reference to the defendant's statement during opening or voir

dire, and then depending on the level of questioning by the State of [its] witnesses, [defense counsel] may be entitled to cross-examination[,] but we'll cross that bridge when we come to it[.]"

{¶33} "The effect of the granting of a motion in limine in favor of the [S]tate in a criminal proceeding is to temporarily prohibit the defendant from making reference to evidence which is the subject of the motion." *State v. Grubb*, 28 Ohio St.3d 199 (1986), paragraph one of the syllabus. Contrary to Mr. Haydon's assertions, the court's ruling did not prevent him from testifying at trial that the marijuana was for personal use. Rather, the State's motion and the court's ruling pertained to cross-examination of the State's witnesses. Moreover, Mr. Haydon did in fact testify to his personal use of marijuana. He testified that he smokes marijuana daily not "just to get high [but] for [his] bipolar, [his] depression, and [his] anxiety." He stated that he had bought "a half" of marijuana that morning to smoke. He further testified that he told the police that he does not deal marijuana, but he smokes it himself.

{¶34} Within the body of this argument, Mr. Haydon also contends, "The [c]ourt improperly prohibited the defense from using recross of officer at trial to review if the [d]efendant indicated that marijuana was for personal use." That contention, however, falls outside the scope of his stated assignment of error. Mr. Haydon's assigned error pertains to his ability to testify, not to cross-examine the State's witnesses. "[A]n appellant's assignment of error provides this Court with a roadmap to guide our review." *State v. Ross*, 9th Dist. Summit No. 26694, 2014-Ohio-2867, ¶ 68, quoting *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12. In addition, Mr. Haydon fails to develop his argument and cites no legal authority. *See* App.R. 16(A)(7). "We decline to chart our own course when, as in this

case, an appellant has failed to provide any guidance." *Akron v. Johnson*, 9th Dist. Summit No. 26047, 2012-Ohio-1387, ¶ 3, citing App.R. 12(A)(2).

**{¶35}** Mr. Haydon's third assignment of error is overruled.

<u>Assignment of Error Number Four</u>

THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.

**{¶36}** In his fourth assignment of error, Mr. Haydon contends that his trial counsel was ineffective based on (1) the evidence that was allowed in, (2) counsel's failure to request a jury instruction on personal use of marijuana, and (3) counsel's failure to proffer evidence in response to the State's motion in limine.

**{¶37}** To prove ineffective assistance of counsel, a defendant must establish: (1) counsel's performance was deficient and (2) prejudice, such that he was deprived of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**{¶38}** Mr. Haydon's argument consists of a listing of the alleged deficiencies followed by the conclusory assertion that "[t]hese failures detrimentally effected the outcome of the case." He fails to cite any legal authority to demonstrate that trial counsel erred, much less caused him prejudice so as to deprive him of a fair trial. *See State v. Hutzler*, 9th Dist. Summit No. 21343, 2003-Ohio-7193, ¶ 13.

**{¶39}** Mr. Haydon does not include any reasoning in support of his contentions that trial counsel was ineffective. *See* App.R. 16(A)(7). He does not specify what evidence he believes was improper, nor does he include any citations to the record. *See id.* Aside from mentioning that ineffective assistance claims are reviewed under the standard enunciated in *Strickland v. Washington*, he includes no citations to any legal authority. "If an argument exists that can

support this assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

**{¶40}** Mr. Haydon's fourth assignment of error is overruled.

### III

**{¶41}** Mr. Haydon's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.