[Cite as *State v. Farnsworth*, 2016-Ohio-7919.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 15CA0038-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MASON S. FARNSWORTH | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 14CR0644 |

DECISION AND JOURNAL ENTRY

Dated: November 28, 2016

CARR, Presiding Judge.

{¶1} Appellant Mason Farnsworth appeals his conviction from the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Farnsworth was indicted in case number 14CR0644 on one count of receiving stolen property (firearm), with an attendant firearm specification, and one count of having weapons while under disability. He subsequently pleaded guilty to the charges and specification in the indictment. The trial court sentenced Farnsworth to an aggregate term of twenty-four months in prison, with jail time credit for 174 days served. In addition, the trial court ordered Farnsworth to pay $4,640.00 in restitution. This Court granted Farnsworth's motion to file a delayed appeal. He raises three assignments of error for review.

II.

## <u>ASSIGNMENT OF ERROR I</u>

THE COURT ERRED BY ACCEPTING A GUILTY PLEA IN VIOLATION OF CRIMINAL RULE 11 AS THE COURT IN CONTRAVENTION OF LAW ADVISED THE DEFENDANT THAT CREDIT FOR TIME SERVED DISPUTES COULD BE ADDRESSED VIA POST SENTENCING MOTION.

{¶3} Farnsworth argues that the trial court erred by accepting his guilty plea because he did not enter it knowingly. This Court disagrees.

{¶4} A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea. Farnsworth does not argue that the trial court failed to properly advise him of his constitutional rights delineated in Crim.R. 11(C)(2)(c). Rather, he challenges the knowing entry of his plea, arguing that the trial court incorrectly informed him that he could challenge the application of his jail time credit after sentence was imposed. Accordingly, he appears to argue that he did not understand the maximum sentence he was facing or the effect of his plea.

{¶5} Crim.R. 11(C)(2)(a) and (b) address the issues implicated in Farnsworth's argument and state:

> In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

These provisions address nonconstitutional notifications. *State v. Stoddard*, 9th Dist. Summit No. 26663, 2013-Ohio-4896, ¶ 7.

{¶6} The Ohio Supreme Court has urged literal compliance with the mandates of Crim.R. 11. *Clark* at ¶ 29. However, in the absence of literal compliance, "reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Id.* at ¶ 30. The *Clark* court set forth the following rules for analysis:

> When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid under a presumption that it was entered involuntarily and unknowingly. However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld.
>
> When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is whether the plea would have otherwise been made. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. A complete failure to comply with the rule does not implicate an analysis of prejudice.

(Internal quotations and citations omitted.) *Clark* at ¶ 31-32.

{¶7} In addition to the pending charges in case number 14CR0644, Farnsworth had been charged with a probation violation in case number 12CR0202, based on the charges in the 2014 case. The parties presented a joint resolution to the court at the plea hearing regarding the 2014 case, wherein Farnsworth was to be sentenced to two years in prison for each case with

credit for time served. There was no consensus regarding the amount of jail time credit he had accumulated in each case, and the parties and trial court recognized that a representative from the probation department would be required to render a computation. Although the State explained that the two concurrent two-year sentences could terminate on different dates due to the different amounts of jail time credit in the 2012 and 2014 cases, there appeared to be some confusion whether the jail time credit for both cases could be combined and applied to the concurrent two-year sentences.

{¶8} Although Farnsworth asserts that the trial court informed him that he would be permitted to brief the issue regarding jail time credit after sentencing, this is an inaccurate depiction of the events as they occurred during the change of plea hearing. Recognizing the differing views regarding jail time credit, the trial court inquired, "If we accept the plea today, then can we *delay* sentencing until we get all of these details worked out?" (Emphasis added.) Accordingly, the trial court did not inform Farnsworth during the plea hearing that he could raise any issue regarding jail time credit after sentencing was concluded. Rather, the court informed him that the precise amount of jail time credit he would receive was not yet determined, but that it would be determined in advance of sentencing. Accordingly, Farnsworth was fully aware that the amount of jail time credit he would receive was still unresolved at the time he nevertheless entered his plea. Moreover, the trial court thoroughly explained the maximum penalties Farnsworth faced, as well as the effect of his guilty plea. Accordingly, the trial court substantially complied with Crim.R. 11, and this Court concludes that Farnsworth entered a knowing plea.

{¶9} To the extent that Farnsworth argues that his plea was not entered knowingly because the trial court informed him during the sentencing hearing that he could brief the issue of

jail time credit after sentencing, he has not explained how that rendered his prior knowing guilty plea unknowing. Had he believed that his plea was not in fact entered knowingly, he could have moved to withdraw his plea prior to sentencing. Crim.R. 32.1. He did not do so, but rather proceeded with sentencing. Even still, he might file a motion to withdraw his plea after sentence where he believes that a manifest injustice has occurred. *Id*. Finally, where he believed that the trial court wrongfully imposed sentence by failing to properly apply his jail time credit, he might have challenged his sentence on appeal. *See State v. Patrick*, 163 Ohio App.3d 666, 2005-Ohio-5332, ¶ 29 (8th Dist.) (Where an initial plea was knowingly, voluntarily, and intelligently made, "the cure for an error in sentencing is to remand for resentencing, not to vacate both the plea and the sentence.").

{¶10} There is no indication in the record of the plea hearing that the trial court informed Farnsworth that he would be able to challenge any issues regarding the application of his jail time credit before the trial court after sentence was imposed. The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CORRECT THE COURT REGARDING ERRONEOUS STATEMENTS OF LAW REGARDING THE VIABILITY OF POST TRIAL MOTIONS TO AWARD CREDIT FOR TIME SERVED.

{¶11} Farnsworth argues that defense counsel was ineffective for failing to correct the trial court when it informed him during the sentencing hearing that he could continue to litigate the issue of jail time credit after sentence had been imposed. This Court disagrees.

{¶12} Farnsworth pleaded guilty to two felonies and one gun specification. "To prove ineffective assistance of counsel after a plea of guilty, 'defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial.'" *State v. Maggy*, 9th Dist. Medina No. 3127-M, 2001 WL 1144131, *2 (Sept. 26, 2001), quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Farnsworth has neither demonstrated, nor even alleged that, but for counsel's alleged ineffective assistance, he would not have pleaded guilty. Accordingly, the second assignment of error is overruled.

**ASSIGNMENT OF ERROR III**

THE COURT COMMITTED PLAIN ERROR BY ORDERING RESTITUTION SOLELY ON THE BASIS OF DEFENDANT[']S EVENTUAL RECEIPT OF AN ANNUITY.

{¶13} Farnsworth argues that the trial court erred by ordering restitution solely in consideration of his future receipt of a substantial annuity. Specifically, he argues that the trial court committed plain error by failing to make a finding regarding the victim's economic loss. This Court disagrees.

{¶14} Farnsworth notes that the trial court premised the restitution order on its consideration of information obtained from the presentence investigation report. Specifically, the trial court stated, "[A]s it has been reported through the presentence investigation that you will be coming in to a substantial annuity at 25, [you are] ordered to pay restitution in the amount of $4,640."

{¶15} "R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss." *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, ¶ 20. Moreover, the statute permits the trial court to base the amount of restitution on various sources, including statements by the victim and/or the offender; estimates, receipts, and other information evidencing the economic loss; and information contained in the presentence investigation report. *Id.*, citing R.C. 2929.18(A)(1). In this case, although the trial court did not expressly state that the information before it indicated that $4,640 represented the

victim's economic loss, it is clear that the trial court utilized the presentence investigation report in considering the issue of restitution. Moreover, by ordering restitution in that specific amount, the trial court as a practical matter made a finding that $4,640 represented the amount of the victim's economic loss.

{¶16} The presentence investigation report has not been included in the record on appeal. It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal. *See* App.R. 9. This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment. *State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5, citing *State v. McGowan*, 9th Dist. Summit No. 27092, 2014-Ohio-2630, ¶ 6. In cases such as this where the presentence investigation report is necessary to enable an appropriate review of the propriety of the sentence, Farnsworth's failure to ensure that the record includes that report requires a presumption of regularity in the sentencing proceedings. *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing *Daniel* at ¶ 6; *McGowan* at ¶ 7.

{¶17} Finally, to the extent that Farnsworth's captioned assignment of error raises plain error, he does not make any argument in that regard. In addition, he fails to argue how he suffered prejudice. As this Court has repeatedly stated, "'an appellant's assignment of error provides this Court with a roadmap to guide our review.'" *Akron v. Johnson*, 9th Dist. Summit No. 26047, 2012-Ohio-1387, ¶ 3, quoting *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12, citing App.R. 16(A). We decline to construct a plain error argument on Farnsworth's behalf.

{¶18} The third assignment of error is overruled.

III.

{¶19} Farnsworth's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

SEAN BUCHANAN, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.