[Cite as *State v. Wrana*, 2021-Ohio-190.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

KIMBER LEE WRANA

    Appellant

C.A. No.     29623

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    19 CRB 01458

DECISION AND JOURNAL ENTRY

Dated: January 27, 2021

TEODOSIO, Judge.

{¶1}    Defendant-Appellant, Kimber Lee Wrana, appeals from the judgment of the Barberton Municipal Court. This Court affirms.

I.

{¶2}    Ms. Wrana and her ex-husband, C.B., have one daughter together and participate in shared parenting. Ms. Wrana was scheduled to pick up her daughter from C.B.'s home one Sunday evening, but unforeseen events caused her to be late. She notified C.B. via Our Family Wizard that she would be late and arrived at his home about thirty or forty minutes past her scheduled pick-up time. When she arrived, she backed her car into C.B.'s driveway and accidentally allowed her tires to come off his driveway and onto his grass.

{¶3}    As a result of Ms. Wrana pulling onto C.B.'s grass, both C.B. and his fiancée emerged from the house. C.B. accused Ms. Wrana of being intoxicated, and his fiancée immediately began using her cell phone to film the encounter. A disagreement ensued as Ms.

Wrana sought access to her daughter and C.B. demanded that Ms. Wrana leave without her. According to Ms. Wrana, both C.B. and his fiancée made aggressive physical contact with her at separate points and, in response, she pushed the fiancée in the chest and kicked C.B. to force them away. According to C.B. and his fiancée, Ms. Wrana pushed/kicked them absent any physical aggression on their parts. After Ms. Wrana kicked C.B., she returned to her car and left without her daughter.

{¶4}   As a result of the foregoing incident, Ms. Wrana was charged with domestic violence as to C.B. and assault as to his fiancée. The matter proceeded to a jury trial, at which Ms. Wrana requested an instruction on self-defense. The court heard arguments from both parties, but ultimately refused to issue the instruction. The jury then returned verdicts of guilty on the domestic violence charge and not guilty on the assault charge. The court sentenced Ms. Wrana to a fine, jail sentence, and alcohol monitoring.

{¶5}   Ms. Wrana now appeals from her conviction and raises one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

THE FAILURE OF THE TRIAL COURT TO INSTRUCT THE JURY ON THE AFFIRMATIVE DEFENSE OF SELF-DEFENSE CONSTITUTED PLAIN ERROR AND WAS AN ABUSE OF DISCRETION TO THE PREJUDICE OF THE APPELLANT. [C.B.] HIMSELF TESTIFIED THAT HE SHOVED THE APPELLANT DURING THE COURSE OF THE DISPUTE, AND THE PARTIES' DAUGHTER HELENE TESTIFIED THAT [C.B.] WAS PHYSICALLY AGGRESSIVE WITH HER AS WELL. THERE WAS SUFFICIENT EVIDENCE TO RAISE A QUESTION IN THE MINDS OF REASONABLE JURORS CONCERNING THE ISSUE OF SELF-DEFENSE, AND THE JUDGE'S REFUSAL TO PROVIDE INSTRUCTION THEREFORE CONSTITUTED PLAIN ERROR AND MUST BE REVERSED.

**{¶6}** In her sole assignment of error, Ms. Wrana argues that the trial court erred when it refused to instruct the jury on self-defense. For the following reasons, we reject her argument.

**{¶7}** "Requested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 240. "Self-defense requires that a defendant: (1) was not at fault in creating the situation giving rise to the affray; (2) had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) did not violate any duty to retreat or avoid the danger." *State v. Warren*, 9th Dist. Summit No. 29455, 2020-Ohio-6990, ¶ 12, citing *State v. Barnes*, 94 Ohio St.3d 21, 24 (2002).

> If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense * * *, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense * * *.

R.C. 2901.05(B)(1). "Thus, once there is evidence presented at trial that tends to support that the defendant acted in self-defense, the State must disprove one of the elements of self-defense beyond a reasonable doubt." *Warren* at ¶ 12.

**{¶8}** There was significant disagreement at trial as to exactly how the incident between Ms. Wrana, C.B., and his fiancée unfolded. All three individuals testified, as did a neighbor of C.B.'s and his and Ms. Wrana's thirteen-year-old daughter. The record reflects that one critical aspect of the State's case against Ms. Wrana was the cell phone recording that C.B.'s fiancée made during the incident. The State relied on the recording extensively in its case-in-chief and, in opposing any self-defense instruction, argued that the recording contradicted any evidence Ms.

Wrana had offered in support of a claim of self-defense. Meanwhile, Ms. Wrana argued that the recording had not captured every moment, but, in any event, evidenced intimidation on the part of C.B. and his fiancée. The recording was played repeatedly at trial and was admitted into evidence. Nevertheless, it has not been made a part of the record on appeal.

{¶9} The appellate record must contain "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." App.R. 9(A)(1). "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. "This duty falls to the appellant because the appellant has the burden of establishing error in the trial court." *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 25. "[I]n the absence of portions of the record necessary for our review, we must presume regularity in the trial court's proceedings and affirm its ruling." *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12.

{¶10} Unfortunately, the appellate record herein is devoid of any exhibits entered at the trial court. In the absence of the cell phone recording that proved to be a critical piece of evidence at Ms. Wrana's trial, this Court cannot say whether the trial court erred when it refused to instruct the jury on self-defense. It was Ms. Wrana's burden, as the appellant, to ensure that the record on appeal was complete. *See Farnsworth* at ¶ 16. "Because the record does not contain all the matters necessary to allow us to resolve [her] arguments, we have no choice but to presume regularity in the proceedings and affirm the trial court's judgment. *State v. Miller*, 9th Dist. Summit No. 29469, 2020-Ohio-1209, ¶ 24. As such, Ms. Wrana's sole assignment of error is overruled.

III.

**{¶11}** Ms. Wrana's sole assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JEFFREY JAKMIDES and TRACEY A. LASLO, Attorneys at Law, for Appellant.

JENNIFER A. ROBERTS, Prosecuting Attorney, for Appellee.