[Cite as *State v. Vanhorn*, 2026-Ohio-433.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 31539 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DERRELL T. VANHORN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2022-09-3394 |

DECISION AND JOURNAL ENTRY

Dated: February 11, 2026

FLAGG LANZINGER, Judge.

{¶1} Derrell Vanhorn appeals his sentence from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} A grand jury indicted Vanhorn on three counts of aggravated vehicular assault, two counts of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, and one count of tampering with evidence. Vanhorn initially pleaded not guilty.

{¶3} Vanhorn and the State later reached a plea agreement wherein Vanhorn agreed to plead guilty to three amended counts of aggravated vehicular assault and one count of OVI. In exchange, the State agreed to dismiss the count for tampering with evidence and the second count of OVI. The trial court accepted Vanhorn's guilty plea, found him guilty per the terms of the plea agreement, and dismissed the remaining counts. The trial court then ordered a presentence investigation ("PSI") and set the matter for sentencing.

{¶4} At the sentencing hearing, the State set forth some of the facts underlying the charges. The State explained that Vanhorn was driving a vehicle while intoxicated when he "t-boned" another vehicle, injuring the three occupants of the other vehicle. The State explained that the victims were hospitalized for their injuries. The State also explained that one of the victims suffered a concussion, another victim stayed in the hospital for five days for serious injuries, and the other victim sustained a severe back injury that required multiple surgeries. The State requested a "significant prison sentence" in light of the victims' injuries. Vanhorn then spoke on his own behalf. Vanhorn apologized for his actions and indicated he had sought treatment for substance abuse.

{¶5} The trial court then summarized some of the facts reflected in the PSI. The trial court explained that the PSI indicated that Vanhorn ran a stop sign at a high rate of speed and t-boned another vehicle, which pushed the other vehicle into a house. The trial court noted the significant injuries the victims sustained, as well as Vanhorn's prior OVI conviction from 2014. The trial court then indicated that it "read the presentence investigation" and considered the statements of counsel and Vanhorn. The trial court imposed a three-year prison sentence on each of the counts for aggravated vehicular assault, and 180 days in jail on the OVI count. The trial court ordered the sentences for aggravated vehicular assault to run consecutively to each other, but concurrent with the sentence for the OVI count, for a total of nine years of incarceration.

{¶6} Vanhorn now appeals his sentence, assigning as error that the trial court failed to make the statutorily required findings to support the imposition of consecutive sentences.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES FOR ALL THE CONVICTIONS WITHOUT REQUISITE JUSTIFICATION.**

{¶7} In his sole assignment of error, Vanhorn argues that the trial court erred by imposing "maximum" consecutive sentences without making the statutorily required findings to support the imposition of consecutive sentences. For the following reasons, this Court overrules Vanhorn's assignment of error.

{¶8} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} Under R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. First the trial court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender . . . ." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public . . . ." *Id.* Third, the trial court must find at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶10} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, syllabus. A trial court is not, however, required to explain its findings before imposing consecutive sentences. *Id.* "[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences[,]" but:

> a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*Id.* at ¶ 28-29.

{¶11} Here, Vanhorn asserts that the trial court did not make the required findings under R.C. 2929.14(C)(4) at the sentencing hearing, nor did it incorporate the required findings into its sentencing entry. Vanhorn also summarily asserts that the record does not demonstrate that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he poses to the public. Vanhorn further asserts that the trial court did not consider any mitigating factors in fashioning his sentence, and that the trial court's "talismanic incantation" that it followed the sentencing statutes is inadequate. For the following reasons, Vanhorn's arguments lack merit.

{¶12} This Court's review of the record indicates that the trial court made the statutorily required findings for consecutive sentences at the sentencing hearing, and incorporated those findings into its sentencing entry. At the sentencing hearing, the trial court found that "consecutive sentences are necessary to protect the public from future crime and to punish the offender, which is not disproportionate to the seriousness of the offenses." The trial court also found:

that [Vanhorn's] conduct contained in one or more of the offenses is so – one or more of the multiple offenses was committed – or two of the offense were committed as part of one or more portions [sic.] of conduct, and that the harm caused by two or more of those offenses were so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the serious of the conduct.

I also find, based on his previous OVIs in 2014 as well as the felony convictions in 2016 and 2018, his criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

I do not find pursuant to R.C. 2941.25 and State v. Ruff that these offenses merge, and that while it may be the same conduct, it is separate victims named in each individual offense . . . and that after considering the factors set forth in [R.C.] 2929.12, a prison term is consistent with the purpose and principles of sentencing as required by the mandatory prison sentence for these offenses.

{¶13} The trial court incorporated these findings into its subsequent sentencing entry.

Specifically, the trial court's sentencing entry stated:

The Court further finds, pursuant to Ohio Revised Code 2929.14(C)(4), that consecutive sentences are necessary to protect the public from future crime or to punish the offender and is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and the court further finds that:

- At least two of the offense[s] were committed as part of one or more courses of conduct and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the conduct.

- The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Thus, the record reflects that the trial court made the statutorily required findings at the sentencing hearing, and incorporated those findings into its sentencing entry. Vanhorn's argument to the contrary lacks merit.

{¶14} To the extent Vanhorn argues that the trial court erred by imposing a "maximum" sentence, his argument lacks merit. The counts for aggravated vehicular assault that Vanhorn pleaded guilty to (i.e., third-degree felonies under R.C. 2903.08(A)(1), (B)(1)) carried a maximum

sentence of five years of incarceration. R.C. 2929.14(A)(3)(a). Here, the trial court imposed three years of incarceration, not five years, on each count. Thus, Vanhorn's argument in this regard lacks merit.

{¶15} Regarding Vanhorn's assertion that the record does not support the trial court's findings in support of consecutive sentences, the trial court specifically discussed Vanhorn's criminal history and the significant harm Vanhorn caused to the victims in this case at the sentencing hearing. Importantly, the trial court also relied upon the PSI. As the State points out, the PSI is not included in the record on appeal.

{¶16} It is Vanhorn's "responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Berila*, 2020-Ohio-3523, ¶ 34 (9th Dist.), quoting *State v. Farnsworth*, 9th 2016-Ohio-7919, ¶ 16 (9th Dist.); App.R. 9. "This includes the PSI where appropriate." *Berila* at ¶ 34. Without a complete record, this Court must presume regularity and affirm the trial court's judgment. *Id.* Because the record before this Court does not contain the PSI, we cannot properly review Vanhorn's argument that the record does not support the trial court's findings regarding consecutive sentences. *See id.* Consequently, this Court must presume regularity and affirm the trial court's judgment. *Id.*

{¶17} For the foregoing reasons, Vanhorn's assignment of error is overruled.

III.

{¶18} Vanhorn's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

PAUL E. MEYER, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.