DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Susan Hamlin-Scanlon, appeals from the decision of the Summit County Domestic Relations Court. This Court affirms in part, reverses in part, and remands for proceedings consistent with this opinion.
 I. {¶ 2} Susan Hamlin-Scanlon ("Mother") and Appellee, Gary Taylor ("Father") were divorced in 1999. During their marriage, they had two children.
 {¶ 3} In 2006, Mother filed several motions. On April 17, 2006, Mother filed a motion requesting that the trial court modify Father's visitation and companionship with the children. This motion specifically requested that the trial *Page 2 
court re-impose the restrictions that were placed on Father in an order dated August 18, 2004. In part, these restrictions prohibited Father from contacting the children's health care providers, daycare centers, schools, teachers, counselors, administration officials, sports and activities coaches or directors, and prohibited him from participating in school and extracurricular activities.
 {¶ 4} On May 22, 2006, Mother's motion to modify was heard by a magistrate. The magistrate issued an order on June 8, 2006, directing the parties back to mediation and resuming Father's visitation rights. Mother moved to set aside this order. The April 17, 2006 motion, as well as Mother's motion to set aside the magistrate's June 8 order, was considered by the trial court at a hearing that began on August 10, 2006 and was completed on September 21, 2006.
 {¶ 5} Also before the trial court at the August 10 hearing was a motion Mother filed on May 22, 2006 requesting that the Family Court Services file be made part of the record for purposes of appeal. Leading up to the August 10 hearing, Father filed several amended motions for contempt. Father alleged that Mother did not provide him with scheduled visitation on several different occasions. This motion was also before the trial court at the August 10 hearing.
 {¶ 6} On August 6, 2007, the trial court ruled on the motions that came before it at the August 10, 2006 and September 21, 2006 hearing. The trial court overruled Mother's motions and found that she "has engaged in a long standing pattern of willful interference with Father's visitation." As such, the trial court *Page 3 
found Mother in contempt and sentenced her to five days of incarceration. However, the trial court further stated that Mother "may purge herself of this finding of contempt by strict adherence to the visitation schedule Ordered in this Judgment for the next twelve months." With regard to the visitation schedule, the trial court stated that "regardless of what visitation Order was previously put in place by the Court, commencing with the filing of this Judgment, [Father] shall have the Court's so-called `standard order of visitation' and the weekday visitation night shall be selected by [Father] to accommodate his work schedule[.]"
 {¶ 7} Mother timely appealed from this order, raising six assignments of error for our review. We have rearranged some of Mother's errors to facilitate our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DENYING [MOTHER'S] MOTION TO TERMINATE OR SUSPEND [FATHER'S] RIGHTS OF VISITATION."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN DENYING MOTHER'S MOTION TO REINSTATE A PREVIOUS COURT ORDER RESTRICTING [FATHER'S] RIGHTS."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN DENYING [MOTHER'S] MOTION TO SET ASIDE THE MAGISTRATE'S ORDER OF JUNE 8, 2006, WHICH HAD PROVIDED FOR A RESUMPTION OF VISITATION." *Page 4 
 {¶ 8} In her first three assignments of error, Mother contends that the trial court's decisions with regard to her motions were against the manifest weight of the evidence. She specifically states that the evidence showed that the children suffer significant mental and emotional distress as a result of the conduct of their father, and as a result, her motions should have been granted.
 {¶ 9} Despite Mother's extensive recitation of the facts in her statement of the facts, we find that she has failed to develop an argument for her first three assignments of error. Mother has neglected to point to the portions of the record that support her assignments of error and has further failed to point this Court to any case law that would support her argument. See App. R. 16(A)(7). This Court, therefore, is permitted to disregard her argument in its entirety. Loc.R. 7(F). "If an argument exists that can support [Mother's contentions], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. We decline to make an argument for Mother from her statement of the facts. As such, Mother's first three assignments of error are overruled.
 ASSIGNMENT OF ERROR VI "THE TRIAL COURT ERRED IN HOLDING MOTHER IN CONTEMPT."
 {¶ 10} In her sixth assignment of error, Mother contends that the trial court erred in holding her in contempt. We agree.
 {¶ 11 We review the trial court's contempt charge for an abuse of discretion. Dean v. Dean. 2nd Dist. No. 07-CA-04, 2008-Ohio-754, at ¶ 22. An *Page 5 
abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 12} Specifically, Mother argues that the trial court abused its discretion by failing to pay adequate attention to the record and by paying attention to things outside the record. We recognize that an appellant's assignment of error provides this Court with a roadmap to guide our review. See App.R. 16(A). Here, Mother argues that the trial court's contempt finding was an abuse of discretion. However, her argument that the trial court failed to pay adequate attention to the record appears to be an argument based upon the weight of the evidence presented. As Mother has failed to separately argue that the trial court's contempt finding was against the manifest weight of the evidence, we will confine our review to Mother's remaining argument; that the trial court abused its discretion by paying attention to things outside the record. See App.R. 16, see, also, Loc.R. 7(B)(7).
 {¶ 13} In the instant case, the trial court determined that Mother "has engaged in a long standing pattern of willful interference with Father's visitation." We find that in arriving at this conclusion, the trial court abused its discretion by inaccurately relying on facts that were not presented at the August 10 and September 21, 2006 hearing. In fact, we note that throughout Father's brief, he references actions or omissions occurring after the conclusion of the 2006 hearing. *Page 6 
This is inappropriate as we, like the trial court, are limited to evidence presented at the August 10 and September 21, 2006 hearing.
 {¶ 14} Specifically, in its judgment entry, the trial court refers to "fights over cell phone use and a police visit to Wife's home regarding a missing wallet." Our review of the record does not reveal any reference to cell phones or wallets.[1] The parties indicated at oral argument that this statement refers to events that occurred in 2007. Further, the trial court stated that "[s]everal different visitation schedules were negotiated by the Court with Counsel for the parties since the filing of [Mother's] Motion. Unfortunately, these new schedules were not made an Order of the Court. None were followed!" Mother again argues that these "visitation schedules" were something that was set up after the August 10 and September 21, 2006 evidentiary hearing was held. Again, we do not find any reference to visitation schedules, other than the original companionship schedule from August 30, 2001, in the transcript of the 2006 evidentiary hearing.
 {¶ 15} The implication in this case is that Mother's conduct since the hearings in 2006 together with evidence from 2006 formed the basis for the trial *Page 7 
court's contempt finding. This is a violation of Mother's right to due process.
 "`It has long been the established law of the United States as expressed in In re Oliver
(1948), 333 U.S. 257, 275 , that constitutional procedural due process `requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.'" In re Yeauger (1992), 83 Ohio App.3d 493, 498, quoting Courtney v. Courtney (1984), 16 Ohio App.3d 329, 334.
 {¶ 16} The use by the trial court of information gained after the 2006 evidentiary hearing violated Mother's due process right to have a reasonable opportunity to explain or defend against the allegations.
 {¶ 17} Finally, we note that several of the days the trial court notes that the children missed visitation with their Father were Tuesdays. According to the original companionship schedule, entered on August 30, 2001, Father was to have visitation with his children on Tuesdays. However, on April 6, 2005, in a magistrate's opinion affirmed by the trial court, "[t]he parties have agreed to follow the original companionship schedule as outlined in the Judgment Entry on August 30, 2001, with the understanding Father will not be able to exercise his mid-week companionship time due to his work schedule." In a magistrate's opinion dated June 8, 2006, the magistrate ordered that "Father shall immediately resume his regular companionship schedule including Father's Day on June 18, 2006." As such, from April 6, 2005 to at least June 8, 2006, the parties should have been operating on the understanding that Father was not going to be *Page 8 
exercising his Tuesday evening visitation. This issue was discussed at the evidentiary hearing on September 21, 2006, but was not resolved and was not mentioned in the trial court's August 6, 2007 order. As we read the April 6, 2005 order, Mother should not have been penalized for Father's missed visitation on the Tuesdays listed in the trial court's judgment entry.
 {¶ 18} For the foregoing reasons, we find that the trial court abused its discretion when it found Mother in contempt. Accordingly, Mother's sixth assignment of error is sustained and we reverse and remand for proceedings consistent with this opinion.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED IN ENLARGING FATHER'S RIGHTS OF VISITATION."
 {¶ 19} In her fourth assignment of error, Mother contends that the trial court erred in enlarging Father's rights of visitation. We agree.
 {¶ 20} Mother and Father had been operating under an agreed upon companionship schedule, entered on August 30, 2001. According to the trial court's August 6, 2007 judgment entry, the court ordered that "regardless of what visitation Order was previously put in place by the Court, commencing with the filing of this Judgment, Husband shall have the Court's so-called `standard order of visitation' and the weekday visitation night shall be selected by Husband to accommodate his work schedule." Mother argues that this order enlarged Father's visitation rights and was made in error. We note that a copy of the Summit *Page 9 
County Parenting Time Schedule was attached and incorporated by reference to the August 30, 2001 agreed companionship schedule. The August 30, 2001 agreed companionship schedule, whileincorporating the parenting time schedule, is more restrictive than the parenting time schedule. Regardless of whether the trial court's August 6, 2007 judgment enlarged Father's visitation, we find that a modification of parental rights occurred.
 {¶ 21} Under R.C. 3109.04(E)(2)(b)[2]
 "[t]he court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."
 {¶ 22} Therefore, the trial court had the power to modify the visitation schedule regardless of whether Father filed a motion in that respect. Id. However, this power is only available if the modifications are in the best interest of the children. As such, the trial court is required to consider the factors listed in R.C. *Page 10 3109.04(F)(1). These factors include, but are not limited to:
 "(a) The wishes of the child's parents regarding the child's care;
 "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to the child's home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of *Page 11 
the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 23} It is not clear whether the trial court considered these factors as it did not make a specific finding. However, the crux of the judgment entry is based on Mother's alleged failures to make the children available for visitation. While this is a factor to consider under a best interest analysis, R.C. 3109.04(F)(1)(i), we again point out that the trial court relied on information to make this determination that was not before it during the 2006 evidentiary hearing. As we found above that the trial court's reliance on this information to make a contempt finding was an abuse of discretion, we would similarly find that this information could not be relied upon to determine the best interest of the children. As such, we remand to the trial court to make a determination based on the best interest of the children. Accordingly, Mother's fourth assignment of error is sustained and the cause is remanded. *Page 12 
 ASSIGNMENT OF ERROR V
 "THE TRIAL COURT ERRED IN REFUSING TO MAKE THE FAMILY COURT SERVICES FILE A PART OF THE RECORD FOR PURPOSES OF APPEAL IN THIS CASE."
 {¶ 24} In her fifth assignment of error, Mother contends that the trial court erred in refusing to make the family court services file a part of the record for purposes of appeal in this case. We agree but find that the error was harmless.
 {¶ 25} Rule 22.03(B) of the Summit County Domestic Relations Court states that:
 "[u]pon the request of either party or order of the Court, the documents and exhibits contained within this file shall be considered as part of `the original papers and exhibits filed with the trial Court' for purposes of Appellate Rule 9(A)."
 {¶ 26} Mother filed a motion pursuant to Rule 22.03(B) on May 22, 2006. Mother had also filed a motion to re-impose restrictions placed on Father in an August 18, 2004 order. The transcript reveals that the August 18, 2004 order was based on a report submitted by a Family Court Services supervisor. On August 10, 2006, the following discussion was had regarding the Family Court Services file:
 "THE COURT: Okay. Is there any argument on adopting the Court Services file?
 "[FATHER'S COUNSEL]: No.
 "THE COURT: Okay. So, we'll do that."
 {¶ 27} As the Family Court services file would be relevant on appeal with regard to the request to reinstate the August 18, 2004 order, we find that the trial *Page 13 
court erred in failing to make it part of the record on appeal. However, as we have overruled Mother's second assignment of error, which addresses her request to reinstate the August 18, 2004 order, we find that Mother cannot show that the trial court's error affected any of her substantial rights. Civ.R. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.") Accordingly, Mother's fifth assignment of error is overruled.
 III. {¶ 28} Mother's first, second, third, and fifth assignments of error are overruled. Mother's fourth and sixth assignments of error are sustained. The judgment of the Summit County Domestic Relations Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 14 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to both parties.
SLABY, J., CONCURS
CARR, P. J.
CONCURS IN PART AND DISSENTS IN PART, SAYING:
 {¶ 29} I respectfully dissent from this Court's resolution of appellant's first three assignments of error. I recognize that this Court may disregard an assignment of error where the appellant does not separately argue and support the argument with citations to the record. However, I believe appellant sufficiently supported the first three assignments of error with citations to the record in his very thorough statement of facts. Therefore, I respectfully dissent from the majority's decision not to address the first three assignments of error on the merits. As I would address the second assignment of error on its merits, I would similarly address the fifth assignment of error. *Page 15 
 {¶ 30} I concur in the remainder of the Court's decision.
[1] Mother argues that this information came before the trial court judge through a personal phone call between the judge and Father's attorney. Father's counsel admits that he twice called the judge with "problems" but stated that the judge advised the parties to call if they encountered any problems. As this issue is not before us, we decline to comment on the propriety of these calls.
[2] "R.C. 3109.04(E)(1)(a) `must be applied to those modifications that substantially change the allocation of the parties' parental rights, whereas' R.C. 3109.04(E)(2)(b) `applies to mere modifications of the terms of a shared parenting agreement, such as a transportation provision.'" Lord v. Lord, 8th Dist. No. 89395, 2008-Ohio-230, at fn.2, quoting Bauer v. Bauer, 12th Dist. No CA2002-10-083, 2003-Ohio-2552, at ¶ 13; see, also, Fisher v. Hasenjager, 116 Ohio St.3d 53,2007-Ohio-5589, at ¶ 26-27 *Page 1