DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiffs-Appellants, Alan M. Young and Karin Nowell, appeal the judgment of the Wayne County Court of Common Pleas that dismissed their complaint. We affirm.
 I. {¶ 2} Mr. Young and Ms. Nowell are father and daughter. On December 27, 2006, they filed a complaint in the Wayne County Court of Common Pleas against Mr. and Mrs. Slusser, four other named defendants, and "Does 1 thru 30." The complaint consisted of a fill-in-the-blank form pleading that indicates that it was "Approved by the Judicial Council of California Effective January 1, 1982." The complaint appears to allege breach of a contract for the purchase of a home located at 312 Bowman Street in Wooster, Ohio. A second fill-in-the-blank form, titled "Fraud Attachment," appears to allege "Intentional or Negligent Misrepresentation," concealment, and "Promise Without Intent to Perform." A third document, entitled "Complaint for declaratory judgment," follows the complaint. In this pleading, Mr. Young and Ms. Nowell *Page 2 
allege that they placed the winning bid on the subject property in an auction, but that the sale fell through when an outstanding lien against the property was discovered. They alleged that Mr. and Mrs. Slusser had a contract with another defendant, Bob Miller Realty, to sell the property at auction, and that various other defendants held liens on the property.
 {¶ 3} On February 21, 2007, the Slussers moved the trial court to dismiss the claims against them pursuant to Civ. R. 12(B)(6), as the other defendants had done as well. The trial court granted the Slussers' motion on April 3, 2008, noting that all other defendants had also been dismissed from the case. Mr. Young and Ms. Nowell timely appealed.
 II. {¶ 4} An appellant must affirmatively demonstrate error on appeal and must provide legal arguments that substantiate the alleged error.State v. Humphries, 9th Dist. No. 06CA00156, 2008-Ohio-388, at ¶ 47-48. This Court will neither construct assignments of error nor create arguments on behalf of an appellant. See In re G.E.S., 9th Dist. No. 23963, 2008-Ohio-2671, at ¶ 53. See, also, Cardone v. Cardone, (May 6, 1998), 9th Dist. No. 18349, at *8 ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."). This Court "will not guess at undeveloped claims on appeal."State v. Wharton, 9th Dist. No. 23300, 2007-Ohio-1817, at ¶ 42.
 {¶ 5} With respect to pro se litigants, this Court has observed:
 "[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party." (Internal citations omitted.) Sherlock v. Myers, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶ 3. *Page 3 
 {¶ 6} Mr. Young and Ms. Nowell's assigned errors cannot be discerned from their brief in this Court. In what purports to be their assignment of error, they state:
 "Appellants do not look at these as Errors but deliberate violation of our civil rights to due process as it is believed the lower court simply ignored the case and didn't read pleadings of either side. The following reflect the personal beliefs of the plaintiffs. The appeals court is encouraged to read the case file for judgment.
 "For the purpose of conformity we will call this process errors."
What follows is a litany of complaints with respect to the conduct of the trial court judge, the attorneys involved in the case, and the defendants. As Mr. Young and Ms. Nowell state, these alleged errors reflect their "personal beliefs." They are not supported by either law or citations to the record.
 {¶ 7} This Court has frequently observed that "an appellant's assignment of error provides this Court with a roadmap to guide our review." Taylor v. Hamlin-Scanlon, 9th Dist. No. 23873, 2008-Ohio-1912, at ¶ 12, citing App. R. 16(A). This Court declines to chart its own course when, as in this case, an appellant fails to provide any guidance. See App. R. 12(A)(2). To the extent that Mr. Young and Ms. Nowell have assigned errors, they are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 4 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
 MOORE, P. J. DICKINSON, J. CONCUR *Page 1