[Cite as *In re Guardianship of Bakhtiar*, 2017-Ohio-5835.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: GUARDIANSHIP OF FOUROUGH
BAKHTIAR

C.A. No.     16CA010932

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    2013GI00040

DECISION AND JOURNAL ENTRY

Dated: July 17, 2017

TEODOSIO, Judge.

{¶1}     Appellant Dariush Saghafi appeals from the judgment entry of the Lorain County Court of Common Pleas, Probate Division, denying Mr. Saghafi's motion to remove Jaleh Presutto as guardian of person and motion to remove Zachary Simonoff as guardian of estate, and denying Mr. Saghafi's application for appointment as guardian.  This Court affirms.

I.

{¶2}     In 2014, the Lorain County Probate Court appointed Jaleh Presutto as guardian of person and attorney Zachary Simonoff as guardian of estate for Fourough Bakhtiar ("the Ward"), who had been found to be incompetent to care for herself and her property.  Ms. Presutto is the daughter of the Ward, and Darius Saghafi is one of the Ward's sons.  The history of the guardianship, as well as various other court proceedings, is intertwined with the contentious relationship between family members.

{¶3} In late 2015, Mr. Saghafi filed an application for appointment as guardian and motions to remove Jaleh Presutto as guardian of person and Zachary Simonoff as guardian of estate. On January 7, 2016, Mr. Saghafi filed praecipes for subpoenas to be issued to Fifth Third Bank, Huntington Bank, the Cleveland Clinic, Nordstrom, Century Federal Credit Union, Allianz, and Visa. By its entry of January 20, 2016, the trial court stayed the subpoenas and set a hearing for February 9, 2016, "to establish if there is a basis for the motions by Darius Saghafi to proceed and the relevance of subpoenaed information." Mr. Saghafi subsequently filed a motion for relief from judgment, asking the trial court to lift the stay on the subpoenas and to cancel the hearing. After the hearing went forward as scheduled, the trial court denied Mr. Saghafi's application to be appointed as guardian and his two motions to remove, quashed the aforementioned subpoenas, and denied the motion for relief from judgment as moot. Mr. Saghafi now appeals, raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE HONORABLE TRIAL COURT ERRED IN IMPOSING A STAY ON APPELLANT DARIUSH SAGHAFI'S SUBPOENAS ISSUED TO ELMCROFT, CLEVELAND CLINIC, ALLIANZ, VISA, NORDSTROM, CENTRY [sic] FEDERAL CREDIT UNION, HUNTINGTON BANK, AND FIFTH THIRD BANK, ON JANUARY 20, 2016.

{¶4} Mr. Saghafi argues that the trial court erred in staying responses to the subpoenas he issued to Fifth Third Bank, Huntington Bank, the Cleveland Clinic, Nordstrom, Century Federal Credit Union, Allianz, and Visa because the civil rules do not provide for a court to sua sponte issue a stay on subpoenas. We disagree.

{¶5} A trial court has the inherent authority to control its docket and to decide discovery matters. *Evans v. Sayers*, 4th Dist. Ross No. 04CA2783, 2005-Ohio-2135, ¶ 19; *Riggs*

*v. Richard*, 5th Dist. Stark No. 2006CA00234, 2007-Ohio-490, ¶ 15; *Wooten v. Westfield Ins. Co.*, 181 Ohio App.3d 59, 2009-Ohio-494, ¶ 20 (8th Dist.). *See also State ex rel. Grandview Hosp. and Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990) ("Trial courts have extensive jurisdiction and power over discovery."); *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007–Ohio–5542, ¶ 18 ("[C]ourts have broad discretion over discovery matters."). This Court will not reverse a trial court's decision concerning the regulation of its discovery proceedings absent an abuse of discretion. *Wayne Cty. Natl. Bank v. CFP Leasing Ltd. Partnership*, 9th Dist. Wayne No. 02CA0058, 2003–Ohio–2028, ¶ 8. An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} The trial court in this matter had discretion to stay discovery by staying responses to the issued subpoenas pending a hearing on the previously filed motions to remove. Although a sua sponte stay is not specifically provided for by the civil rules of procedure, it not an abuse of a trial court's discretion in the reasonable exercise of its inherent power over discovery matters. Likewise, it was within the trial court's discretion to stay discovery pending the resolution of motions that were potentially dispositive of the matter and which were before the court prior to the issuance of the subpoenas in question. *See Thomson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP–782, 2010-Ohio-416, ¶ 32 ("A trial court acts within its discretion when it grants a stay of discovery pending the resolution of a dispositive motion."). We therefore conclude the trial court did not abuse its discretion in issuing the stay.

{¶7} Mr. Saghafi's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN ITS FEBRUARY 11, 2016[,] ORDER REFUSING TO PERMIT APPELLANT DARIUSH SAGHAFI'S MOTIONS TO REMOVE GUARDIAN OF THE PERSON JALEH PRESUTTO AND GUARDIAN OF THE ESTATE ZACHARY SIMONOFF TO PROCEED IN THE ABSENCE OF APPELLANT BEING PERMITTED TO CONDUCT DISCOVERY OR HAVE A FULL HEARING ON THE MERITS.

{¶8} We note that the meaning of the second assignment of error is unclear from its language that is quoted verbatim above. The entirety of Mr. Saghafi's argument under the second assignment of error is as follows:

> As cited in Assignment of Error I and the supporting analysis, Appellant Dariush Saghafi was a party to the Trial Court matter as of November 6, 2015, and certainly as of December 30, 2015, when he, as next of kin and an Applicant, took adversarial action against both Guardians. He was not given the opportunity to conduct discovery before a Hearing on the merits. It was not in the discretion of the Trial Court to truncate his rights under Ohio Rule of Civil Procedure 45 and Ohio Rule of Civil Procedure 26. The Trial Court committed an abuse of discretion when it did so.

{¶9} "[A]n appellant's assignment of error provides this Court with a roadmap to guide our review." *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12. This Court declines to chart its own course when an appellant fails to provide guidance. *Young v. Slusser*, 9th Dist. Wayne No. 08CA0019, 2008-Ohio-4650, ¶ 7. "It is not this Court's duty to create an appellant's argument for him." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 8.

{¶10} In reviewing Mr. Saghafi's second assignment of error, we construe his argument to be as stated: "He was not given the opportunity to conduct discovery before a [h]earing on the merits." We further note that Civ.R. 26 sets forth the general provisions governing discovery and Civ.R. 45 set forth the procedures with regard to subpoenas.

**{¶11}** The only limitation on discovery stated by Mr. Saghafi in his brief to this Court was the trial court's stay on responses to the subpoenas he issued. Consequently, this assignment of error is essentially identical to Mr. Saghafi's first assignment of error, and as we have previously concluded, the trial court did not abuse its discretion in staying discovery pending a determination of Mr. Saghafi's motions to remove that were filed with the trial court prior to his issuing the subpoenas in question.

**{¶12}** Mr. Saghafi's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN ITS FEBRUARY 11, 2016[,] ORDER DENYING APPELLANT DARIUSH SAGHAFI'S MOTION TO REMOVE GUARDIAN OF THE PERSON JALEH PRESUTTO AND GUARDIAN OF THE ESTATE SACHARY SIMONOFF, ESQ. UNDER THE DOCTRINE OF RES JUDICATA.

**{¶13}** Mr. Saghafi argues the trial court erred in denying his motion to remove Zachary Simonoff as guardian of the estate and his motion to remove Jaleh Presutto as guardian of person because they are precluded under the doctrine of res judicata. We disagree.

**{¶14}** In its judgment entry of February 11, 2016, the trial court denied the motion to remove Zachary Simonoff as guardian of the estate and his motion to remove Jaleh Presutto as guardian of person on the grounds that the court was "satisfied that the current guardians have faithfully and completely fulfilled their duties of guardian, as required by R.C. 2111.02(C)." The court did not deny the motions under the doctrine of res judicata. The court's res judicata analysis was limited to Mr. Saghafi's application for guardianship, which is not the subject of this assignment of error.

**{¶15}** Once again, we must note that "an appellant's assignment of error provides this Court with a roadmap to guide our review." *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No.

23873, 2008-Ohio-1912, ¶ 12.  This Court declines to chart its own course when an appellant fails to provide guidance.  *Young v. Slusser*, 9th Dist. Wayne No. 08CA0019, 2008-Ohio-4650, ¶ 7.  It is an appellant's duty to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record; it is not the function of this Court to construct a foundation for his claims.  *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007–Ohio–5028, ¶ 9.

{¶16}  Mr. Saghafi's third assignment of error contains a factually incorrect premise, and consequently, his argument must fail.  Therefore, Mr. Saghafi's third assignment of error is overruled.

### III.

{¶17}  Mr. Saghafi's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRADLEY HULL IV, Attorney at Law, for Appellant.

ERIC H. ZAGRANS, Attorney at Law, for Appellee.