[Cite as *Estate of Gravis v. Coffee*, 2019-Ohio-2806.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| ESTATE OF WILLIAM O. GRAVIS | C.A. No.     28815 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL COFFEE, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No.     2016-CV-094 |

## DECISION AND JOURNAL ENTRY

Dated: July 10, 2019

TEODOSIO, Presiding Judge.

## I.

**{¶1}** Michael Coffee and Thomas Coffee appeal the judgment of the Summit County Court of Common Pleas, Probate Division, dismissing their counterclaim. We affirm.

## II.

**{¶2}** Mr. William O. Gravis passed away on August 16, 2016. Prior to his death, Vanessa Wollet filed an application to be the guardian of his person and estate. Mr. Gravis, as the proposed ward, was served with notice of the application on June 8, 2015. A second application for guardianship was filed by Jacki Lynn Hastings on June 17, 2015. A hearing was held before the magistrate on July 21, 2015, with the magistrate issuing a decision on July 27, 2015, finding Mr. Gravis incompetent, recommending the appointment of Ms. Wollet as guardian of the person, and recommending Attorney John Greven to be appointed as guardian of the estate.

{¶3}  On August 20, 2015, the trial court entered judgment finding Mr. Gravis to be incompetent by reason of mental and physical disability, and incapable of taking proper care of his self or property, thereby appointing Ms. Wollet as the guardian of his person.  On November 25, 2015, Mr. Greven applied for guardianship of the estate and the trial court entered judgment appointing him as such.

{¶4}  The matter before us for review was initiated in September 2016 by the estate of William O. Gravis ("the Estate"), which filed a complaint for declaratory judgment, unjust enrichment, and constructive trust.  Michael Coffee and Thomas Coffee filed their joint answer and counterclaims in October 2016.  The trial court granted judgment on the pleadings in favor of the estate as to all but one of the counterclaims.  The remaining counterclaim sought declaratory judgment on the issue of the ownership of real property located in Bath, Ohio.

{¶5}  The dispute over the ownership of the real property arose out of the challenged validity of a transfer on death designation affidavit executed by Mr. Gravis on November 23, 2015, to transfer certain real property to Michael and Thomas Coffee.  The affidavit was prepared and notarized by the attorney for the Coffees: Mark Pirozzi.  At the time the affidavit was signed, Mr. Pirozzi was aware that Ms. Wollet had been appointed as the guardian for the person of Mr. Gravis.  The Coffees sought to have the transfer on death designation declared valid and motioned the trial court for summary judgment in their favor both on the Estate's claims and on their remaining counterclaim for declaratory judgment. Conversely, the Estate argued the designation was invalid due to the trial court having previously declared Mr. Gravis to be incompetent.  Initially the trial court denied summary judgment, finding that there were "genuine issues of material fact" concerning the decedent's competence.  However, on September 20, 2017, the court sua sponte entered a judgment entry (followed by an amended

judgment entry on September 21, 2017, which attached the property description), citing to its inherent powers under R.C. 2104.24(C). In dismissing the remaining counterclaim, the trial court found that there was "no genuine issue of fact" and that the Estate was entitled to judgment as a matter of law. We note that the Coffees do not raise any potential procedural errors by the trial court in their assignment of error, and we decline to raise the argument for them. *See Pascual v. Pascual*, 9th Dist. Medina No. 12CA0036–M, 2012–Ohio–5819, ¶ 6. (stating that "[i]t is the appellant's burden to affirmatively demonstrate error on appeal * * * [and] where an appellant has failed to develop an argument on appeal, complete with citations to law, it is not this Court's duty to create an argument for them").

{¶6} Following the trial court's amended judgment entry, the Estate filed a voluntary dismissal of the second and third counts of the complaint "pursuant to Rule 41." The Estate also filed a motion for a judgment entry concluding the litigation, arguing that the trial court's September 20, 2017, entry dismissing the remaining counterclaim had also resolved the first count of the Estate's complaint, and that the litigation was complete. On September 21, 2017, the trial court granted the Estate's motion and issued a final judgment. Michael and Thomas Coffee now appeal, raising one assignment of error.

## JURISDICTION

{¶7} As a preliminary matter, we are obligated to raise sua sponte the question of our jurisdiction. *See Whitaker–Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Smirz v. Smirz*, 9th Dist. Lorain No. 13CA010408, 2014–Ohio–3869, ¶ 8. Although not raised by the parties, this case implicates

two issues concerning the matter of jurisdiction that we will consider at the outset. The first issue involves the finality of the trial court's entry purporting to resolve the Estate's claim for declaratory judgment; the second issue is with regard to the Estate's voluntary dismissal of its second and third causes of action.

{¶8} R.C. 2721.02(A), setting forth the force and effect of declaratory judgments, provides: "[C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." "The declaration may be either affirmative or negative in form and effect [and] has the effect of a final judgment or decree." *Id.*

{¶9} "[I]n the context of a declaratory judgment action, merely entering judgment in favor of one party, without further elaboration, does not constitute a final judgment sufficient to give this Court jurisdiction over an appeal." *Peavy v. Thompson*, 9th Dist. Summit No. 25440, 2011–Ohio–1902, ¶ 10. "In order to properly enter judgment in a declaratory judgment action, the trial court must set forth its construction of the disputed document or law, and must expressly declare the parties' respective rights and obligations." *Miller Lakes Community Assn. v. Schmitt*, 9th Dist. Wayne No. 11CA0053, 2012-Ohio-5116, ¶ 8. "If the trial court fails to fulfill these requirements, its judgment is not final and appealable." *Id.* However, we have also stated: "Where the denial of a motion for summary judgment in the context of declaratory judgment gives rise, however, to the reasonable and logical inference that one party has in fact prevailed, the requirements of finality are satisfied." *Lexington Ins. Co. v. DunnWell, LLC*, 9th Dist. Summit No. 27476, 2016-Ohio-5311, ¶ 10.

{¶10} In its judgment entry dismissing the Coffees' counterclaim, the trial court found:

[T]he Transfer on Death Designation Affidavit executed for the real property owned by William O. Gravis in Bath, Ohio, and recorded at Doc #56175434 with the Summit County Fiscal Office on December 3, 2015[,] is not valid, and is void as a matter of law. As a result, Defendants Michael Coffee and Thomas Coffee

have no interest in the subject real property in Bath, Ohio, as it is part of the probate estate of William O. Gravis and shall be disposed of per the terms of the will that was admitted to probate in case #2016 ES 871.

Defendants Michael Coffee and Thomas Coffee are permanently enjoined from any attempt to occupy, sell, convey, transfer, or assign any interest in the aforementioned property. As the Defendants Michael Coffee and Thomas Coffee are not heirs at law pursuant to the statute of descent and distribution, they have no interest in the probate estate of William O. Gravis.

In motioning the trial court for a judgment entry concluding the litigation, the Estate contended this language was dispositive of its claim for declaratory judgment and requested the trial court enter an order finding the same.

{¶11} In its order granting the Estate's motion, the trial court stated that its judgment entry of September 21, 2017, which had dismissed the Coffees' counterclaim, also "resolved and disposed of" the Estate's first cause of action. The trial court went on to note that the Estate had dismissed its remaining causes of action and that the court had previously dismissed all remaining counterclaims and third-party claims. The trial court then concluded by stating that the judgment entry and its prior judgment entries dismissing the Coffees' claims concluded the matter, and the entries, taken together, contained the final judgment of the court.

{¶12} The initial question that we must address is whether the trial court's judgment of September 21, 2017, constituted a final judgment as to both the Coffees' and the Estate's causes of action for declaratory judgment.

{¶13} Count seven of the Coffees' counterclaim states a cause of action for declaratory judgment, requesting the trial court declare: (1) that the decedent's purported Last Will and Testament, dated November 6, 2014, was fraudulent; and (2) that the November 23, 2015, transfer on death designation affidavit was valid and that the Coffees are the owners of the subject property. In its judgment entry of April 21, 2017, the trial court granted judgment on the pleadings in favor of the Estate as to the Coffees' counterclaim for a declaratory judgment asking

that the will be declared invalid. The Coffees do not appeal from this order. In addition, we note that R.C. 2107.71(A) provides: "A person interested in a will or codicil admitted to probate in the probate court * * * may contest its validity by filing a complaint in the probate court in the county in which the will or codicil was admitted to probate." The judgment entry of September 21, 2017, states that the Coffees "are not heirs at law pursuant to the statute of descent and distribution * * * [and] have no interest in the probate estate of William O. Gravis."

{¶14} With regard to the counterclaim's requested declaration that the transfer on death designation affidavit was valid and that the Coffees are the owners of the subject property, the judgment entry of September 21, 2017, stated that "the Transfer on Death Designation Affidavit executed for the real property owned by William O. Gravis in Bath, Ohio, and recorded at Doc #56175434 with the Summit County Fiscal Office on December 3, 2015[,] [was] not valid, and [was] void as a matter of law."

{¶15} The Estate's first cause of action for declaratory judgment states that a controversy arose with respect to the parties' respective rights and obligations with regard to the property of the decedent or the Estate. In its prayer for relief as stated in the complaint, and in pertinent part, the Estate requests from the trial court: (1) an order declaring the rights and obligations of the parties in the property in which the decedent or the Estate has or had an interest; (2) an order determining as to each asset at issue whether the asset is rightfully included within the probate estate; (3) an order declaring invalid, null and void all conveyances, transfers, or assignments to the defendants of the decedent's or the Estate's property. The only property specifically identified in the Estate's complaint consists of two parcels of land located in Bath Township, Ohio. The complaint goes on to allege that the Coffees had "begun to seek to

exercise dominion and control over the real estate." No factual claims are made as to any other property, real or otherwise.

{¶16} As noted above, the trial court declared that: (1) the transfer on death designation affidavit was not valid and was void as a matter of law; (2) the Coffees had no interest in the subject property; (3) the subject property was part of the probate estate to be disposed of per the terms of the will; (4) the Coffees were permanently enjoined from any attempt to occupy, sell, convey, transfer, or assign any interest in the aforementioned property; and (5) the Coffees were not heirs at law and had no interest in the probate estate. The trial court therefore addressed all aspects of the Estate's cause of action for declaratory judgment by so declaring the rights and obligations of the parties in the property, determining that the subject property was rightfully included in the probate estate, and declaring that the transfer on death designation affidavit was not valid and was void as a matter of law.

{¶17} We therefore conclude the trial court expressly declared the parties' respective rights and obligations and that the September 21, 2017, judgment entry constituted a final judgment as to the declaratory judgment claims of both the Estate and the Coffees. However, that does not end our inquiry, as we must now look to the voluntary dismissal by the Estate of the second and third counts of its complaint.

{¶18} Civ.R. 41(A)(1)(a) provides that "a plaintiff, without order of the court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial * * * [.]" Recognizing that this language is clear and unambiguous, the Ohio Supreme Court has concluded that a voluntary dismissal under Civ.R. 41(A)(1)(a) can only operate to dismiss all claims that a plaintiff has pending against a defendant. *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, ¶ 18.

"[Civ.R. 41(A)(1)(a)] does not allow for the dismissal of a *portion* of the claims against a certain defendant" because it "applies to discrete parties, not discrete causes of action." (Emphasis sic.) *Id.* "[B]ecause Rule 41(A)(1) does not permit a party to voluntarily dismiss anything less than all of its claims against any one party[,]" any attempt to do so is a nullity. *Perez Bar & Grill v. Schneider*, 9th Dist. Lorain No. 09CA009573, 2010-Ohio-1352, ¶ 7, citing *Pattison* at ¶ 18.

{¶19} Upon the Estate's motion, the trial court concluded that its judgment entry of September 20, 2017, resolved both the Estate's first cause of action for declaratory judgment and the Coffees' counterclaim. As indicated by our analysis above, we agree that the judgment entry resolved all claims for declaratory judgment. As a result, when the Estate dismissed its second and third causes of action on September 21, 2017, it was dismissing all of its remaining claims, as its claim for declaratory judgment was no longer pending. Therefore, the voluntary dismissal was proper under Civ.R. 41(A)(1). We conclude the trial court's judgment was final and appealable, and this Court has jurisdiction to consider this appeal.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FINDING THAT THE APPOINTMENT OF A GUARDIAN OF THE PERSON CREATED AN IRREBUTTABLE PRESUMPTION OF INCOMPETENCE TO SIGN A TRANSFER ON DEATH DESIGNATION AFFIDAVIT.

{¶20} In their assignment of error, the Coffees argue the trial court erred in finding that the appointment of a guardian of the person created an irrebuttable presumption of incompetence to sign a transfer on death designation affidavit. We disagree.

{¶21} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of

the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶22} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶23} At the outset, we note that the trial court did not specifically make or rely upon a finding that the appointment of a guardian of the person created an irrebuttable presumption of incompetence to sign a transfer on death designation affidavit. Rather, the trial court relies on two separate statutory sections in its order. The first basis for the trial court's ruling is R.C.

2111.04(D) (incorrectly cited as 2114.04(D) in the trial court's order), which provides: "From the service of notice [of the guardianship proceeding] until the hearing, no sale, gift, conveyance, or encumbrance of the property of an alleged incompetent shall be valid as to persons having notice of the proceeding." The trial court found that notice of the application for guardianship of the person and estate was received by Mr. Gravis on June 8, 2015, and that a hearing on the issue of the guardianship of the estate was not held until November 25, 2017, which was two days after the execution of the transfer on death designation affidavit. The trial court went on to find that as a consequence, and pursuant to R.C. 2111.04(D), the affidavit was not valid and was void as a matter of law.

{¶24} The Coffees' assignment of error neither addresses these findings nor addresses R.C. 2111.04 as a basis for the trial court's ruling. "[A]n appellant's assignment of error provides this Court with a roadmap to guide our review." *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12. This Court declines to chart its own course when an appellant fails to provide guidance. *Young v. Slusser*, 9th Dist. Wayne No. 08CA0019, 2008-Ohio-4650, ¶ 7. "It is not this Court's duty to create an appellant's argument for him." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 8. It is an appellant's duty to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record; it is not the function of this Court to construct a foundation for his claims. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 9. The Coffees provide us with no argument as to how the trial court erred in its analysis with regard to R.C. 2111.04(D).

{¶25} The second basis for the trial court's ruling is its position as "superior guardian." Under R.C. 2111.50(A)(1), "[a]t all times, the probate court is the superior guardian of wards who are subject to its jurisdiction * * *." R.C. 2111.50(B)(1), provides:

> In connection with any person whom the probate court has found to be an incompetent or a minor subject to guardianship and for whom the court has appointed a guardian, the court has, subject to divisions (C) to (E) of this section, all the powers that relate to the person and estate of the ward and that the ward could exercise if present and not a minor or under a disability, except the power to make or revoke a will. These powers include, but are not limited to, the power to do any of the following:
>
>> (1) Convey or release the present, contingent, or expectant interests in real or personal property of the ward, including, but not limited to, dower and any right of survivorship incident to a survivorship tenancy, joint tenancy, or tenancy by the entireties[.]

{¶26} The trial court stated that the magistrate had made a finding that Mr. Gravis was incompetent on July 27, 2015, and that on that date Mr. Gravis thereby became subject to the jurisdiction of the probate court as an incompetent person, with the probate court becoming superior guardian of Mr. Gravis' person and estate pursuant to R.C. 2111.50. The trial court found that because it had all the powers conferred upon it as superior guardian pursuant to R.C. 2111.50(B)(1), Attorney Pirozzi had no authority to procure the transfer on death designation affidavit from Mr. Gravis, and that consequently, the affidavit was not valid and was void as a matter of law.

{¶27} Once again, the Coffees' assignment of error does not address the trial court's rationale that the procurement of the affidavit conflicted with its role as superior guardian pursuant to R.C. 2111.50. And as above, we note that an appellant's assignment of error provides this Court with a roadmap to guide our review. *Taylor* at ¶ 12. We decline to chart our own course when an appellant fails to provide guidance. *Young* at ¶ 7. The Coffees have failed to show any error in the rationales employed by the trial court in making its ruling.

{¶28} The Coffees' assignment of error is overruled.

III.

{¶29} The Coffees' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.


THOMAS A. TEODOSIO
FOR THE COURT



HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

{¶30} This appeal, as the majority's opinion reflects, presents us with some complicated procedural issues. The most glaring problem to me though is the fact that the trial court granted summary judgment sua sponte to Appellees on grounds neither party had the opportunity to address. Consequently, I respectfully dissent and would reverse and remand the matter to the trial court to afford the parties the chance to address R.C. 2111.04 (D) and 2111.50 initially.

APPEARANCES:

MARK W. BERNLOHR and SUSAN K. ZERRUSEN, Attorneys at Law, for Appellants.

MICHAEL J. KAPLAN, Attorney at Law, for Appellee.